**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MELISSA J. MAHER,** | **)** | **CASE NO. 1:14CV2777** |
| | **)** | |
| **Plaintiff,** | **)** | **JUDGE CHRISTOPHER A. BOYKO** |
| | **)** | |
| **vs.** | **)** | **OPINION AND ORDER** |
| | **)** | |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #16) of Plaintiff, Melissa J. Maher, for Limited Discovery. For the following reasons, the Motion is denied.

## I. BACKGROUND

The above-captioned case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff seeks long-term disability benefits ("LTD") under a plan, sponsored by her employer, Bonne Bell, LLC, and administered by Defendant Prudential. Plaintiff claims that her LTD benefits were wrongfully terminated. Plaintiff seeks limited discovery, by way of deposition, of the Senior Claims Examiner and a Fed.R.Civ.P. 30(b)(5) corporate representative of Prudential, "in order to discern the validity

of the Administrative Record." Plaintiff asserts that "there appears [sic] to be documents that "should" be in the Administrative Record that are not." (ECF DKT #16 at 3).

**II. LAW AND ANALYSIS**

As a general principle in the Sixth Circuit, an ERISA claimant may not seek discovery of evidence outside of the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618-619 (6th Cir.1998). In fact, the district court is restricted to reviewing the administrative record as it existed when the plan administrator made its final decision. *Id*. at 615. "If the administrative record so limited can support a 'reasoned explanation' for [Prudential's] decision, the decision is not arbitrary or capricious." *Moon v. Unum Provident Corp*., 405 F.3d 373, 379 (6th Cir.2005), citing *Williams v. Int'l Paper Co.*, 227 F.3d 706, 712 (6th Cir.2000). The narrow exception to this limitation is for evidence going to a "procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Cooper v. Life Insurance Company of North America, etc.*, 486 F.3d 157 (6th Cir.2007); *Wilkins*, 150 F.3d at 619. Evidence outside the record may be considered ***only*** as it relates to the procedural defect of lack of due process, bias or conflict of interest. See *Mulligan v. Provident and Life Acc. Ins. Co.*, 271 F.R.D. 584 (E.D. Tenn.2011).

In the matter before the Court, Prudential provided Plaintiff with documents, on or about May 7, 2015, purporting to be the Administrative Record for her claim. Tamika S. Williams, a Claims Litigation Specialist at Prudential, certifies that the entire claim file has been provided to Plaintiff. (ECF DKT #17-1). She avers: "The claim file contains all information received by Prudential in reviewing Plaintiff's claim for long-term disability

benefits, as well as a full record of Prudential's analysis of Plaintiff's claim and appeals." (*Id*. at ¶ 3).

In her Motion, Plaintiff fails to allege any procedural irregularity and does not point to any lack of due process or bias or conflict of interest. Plaintiff does contend, though, that "there ***appears*** to be more records that should be within the Administrative Record." (ECF DKT #16 at 4). (Emphasis added). She notes that the Administrative Record provided to her has no medical review dated prior to the initial approval of LTD on September 19, 2012.

Prudential points out that Plaintiff is in error. The Administrative Record includes documentation of the medical review and of the medical records relied upon by Prudential when it initially granted benefits. (ECF DKT #17-1 & #17-2). Per Ms. Williams' sworn Declaration, the Record is complete.

## III. CONCLUSION

Plaintiff's bare speculation about deficiencies in the Administrative Record does not justify even limited discovery. Plaintiff's Motion (ECF DKT #16) for Limited Discovery is not warranted and is, therefore, denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: July 6, 2015**